[Civ. No. 3063. First Appellate District, Division One.—December 24, 1919.]

HENRY A. PETERSON, Appellant, v. ELLA HOLDER et al., Respondents.

[1] APPEAL—JUDGMENT BY CONSENT.—As a general rule, a judgment by consent will not be reviewed on appeal.

[2] JUDGMENTS — DEFAULT — APPLICATION FOR RELIEF — SHOWING REQUIRED.—Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter-affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default.

[3] ID.—RELIEF FROM MISTAKE OF LAW.—Relief from default can be granted notwithstanding the mistake through which the default arose was a mistake of law.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating an order denying a motion to set aside a judgment by default, and from an order of said court setting aside such judgment. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Castelhun for Appellant.

Hugh K. McKevitt and Royal E. Handlos for Respondents.

WOOD, J., *pro tem.*—This is an appeal from two orders made after judgment, the first bearing date June 21, 1919.

vacating an order denying a motion to set aside the judgment by default, and the second one dated July 2, 1919, setting aside such judgment.

After the judgment was rendered, the defendants made a motion to set it aside. The motion was taken under advisement and thereafter, in the absence of the parties, an order was entered denying the motion. It does not appear whether defendants' attorney knew of this order. Two days later he served notice that on June 21st he would move ''for permission to make further argument on the motion to set aside the default.'' Upon the last-named date the order was entered vacating the order denying the motion to set aside the judgment, a stay of execution for ten days was granted, and the motion to set aside the judgment submitted on briefs. The record presented here shows that, at the hearing had on June 21st, the law clerk of Mr. McKevitt (defendants' counsel) was sworn, and testified to the merits of the original motion to set aside the default, without any objection from plaintiff's counsel, who fully cross-examined him. He suggested that a stay of execution for ten days be granted, and he obtained time to file a brief against the sufficiency of the showing made by defendants to set aside the default.

He made no objection of any kind to the action of the court in vacating the previous order. The order vacating the judgment does not show the grounds upon which it was made, or whether upon the court's, or on plaintiff's, or on defendants' motion. There is nothing from which it may be inferred that Judge Troutt was presiding when the order denying the motion to set aside the default was made, or, in fact, that he ever knew of such order until the hearing on June 21st. The only authentication of the record by the judge is to the proceedings had at the time that the clerk of Mr. McKevitt was testifying. The certificate of the clerk attached to his transcript is to the effect that it contains true and correct copies of the original papers filed and the judgment-roll in the action. In accordance with a stipulation, certain other papers were added to the record by permission of this court. Cases are cited by appellant holding that, to sustain an order vacating an appealable order, the record must show facts from which it may be inferred that such appealable order was inadvertently or improvidently

made. In each of those cases, however, the vacating order was made in the absence of, or over the objection of, the adverse party. Here, by implication at least, plaintiff consented to the making of the order. [1] As a general rule, a judgment by consent will not be reviewed. (*Haskins* v. *Jordan,* 123 Cal. 157, [55 Pac. 786]; *Erlanger* v. *Southern Pacific R. R.,* 109 Cal. 395, [42 Pac. 31]; *Pacific Paving Co.* v. *Vizelich,* 1 Cal. App. 281, [82 Pac. 82].) Upon a full consideration of the record, as brought up by the appellant, we think it should be assumed that the original order was inadvertently made, and properly vacated.

Turning, now, to the order setting aside the default, it appears that it was granted upon condition that defendants pay to plaintiff fifty dollars within four days from its date. Upon the hearing, the defendants presented a verified answer setting forth a meritorious defense. They showed that after their demurrer was overruled, and they had been given time to answer, that the law clerk of Mr. McKevitt, their attorney, obtained from the court three orders, each allowing ten days' further time to answer, but that the second one was made twenty-three days after the first one was obtained. The last one was accordingly made at a time when the court had no power to grant a further extension. It specified that defendants be allowed to and including June 2, 1919, to answer. On May 26th plaintiff's attorney called the attention of the court to the fact that the last order had been made in excess of its jurisdiction, whereupon the court entered the default of defendants. The clerk of Mr. McKevitt thought that he was acting within the law because each of the three orders specified an extension of ten days, aggregating only thirty days in all. Mr. McKevitt understood from his clerk that he had all of June 3d to answer, and the answer was prepared by him and verified on that day. Notice of application to set aside the default was given on June 4th. There was no attempt to show that plaintiff would be injured in any way if the default was set aside, or that the verified answer was not tendered in good faith.

[2] A situation was here presented which appears to be disposed of by the case of *Berri* v. *Rogero,* 168 Cal. 740, [145 Pac. 97], in which the court said: "Where a party in default makes seasonable application to be relieved therefrom,

and files an affidavit of merits alleging a good defense, and the plaintiff files no counter-affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default." [3] It is urged that no relief can be granted from the default because the mistake of the clerk was a mistake of law. The authorities hold to the contrary. (See *Staley* v. *O'Day*, 22 Cal. App. 149, and cases cited at page 153, [133 Pac. 620, 622].)

The orders appealed from are affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 19, 1920.

All the Justices concurred.