MODEL FINANCE COMPANY, a Delaware corporation, Plaintiff, v. WILLIAM B. BARTON, Defendant.

(*January* 24, 1963.)

STIFTEL, J., sitting.

*E. Dickinson Griffenberg, Jr.* (of Killoran and Van Brunt) for plaintiff.

*Charles S. Crompton, Jr.* (of Berl, Potter and Anderson) for defendant.

Superior Court for New Castle County, No. 972, Civil Action, 1962.

STIFTEL, J.:

This matter is before the Court on a motion, under Superior Court Rule 60(b)(1), to open the default judgment entered against defendant on September 28, 1962.

The following facts appear: Suit was started by the plaintiff, a Delaware corporation, against the defendant, on August 10, 1962, by the filing of a complaint in this Court. On the same day, an order was entered directing the seizure by writ of foreign attachment of all the defendant's shares in the plaintiff corporation. The writ was served on plaintiff's resident agent in Dover, Delaware, together with a copy of the complaint and order, on August 16, 1962, and copies of the complaint, order, and writ were sent to the defendant, a resident of the State of California, on August 21, 1962, and received by him on August 27, 1962.

Plaintiff moved for judgment by default on September 26, 1962, because of the defendant's failure to appear within 40 days after the date of the attachment of his property,

---

[1]Superior Court Civil Rule 4(b) (8):

"The defendant shall serve his answer * * * within forty (40) days after

pursuant to Superior Court Rule 4(b) (8).[1] The default judgment was granted by this Court on September 28, 1962. The defendant, unaware of the default, appeared and filed his answer on October 5, 1962, and upon learning of the default, filed this motion to open the judgment on October 9, 1962.

The defendant filed an affidavit on October 24, 1962, wherein he alleges that on September 7, 1962, he contacted Herman A. Hauslein, an attorney, of San Diego, California, and that he was advised by his attorney that the complaint and foreign attachment had to be answered within 40 days from the date of service. He further states that on October 1, 1962, he authorized his San Diego attorney to retain the law firm of Berl, Potter and Anderson, in Wilmington, to answer on the merits the complaint and attachment.

Herman A. Hauslein, Esq., also filed an affidavit to support the motion of defendant to open the judgment and states therein that he discussed this foreign attachment action with defendant on September 7, 1962, and that he sent a letter to Berl, Potter and Anderson on September 19, 1962, to determine their cost for handling this case. The attorney further states that on October 1, 1962, the defendant consulted with him and at that time authorized him to file the necessary pleadings to defend the action on the merits in Wilmington, and that on October 3, 1962, Mr. Hauslein sent a letter to Berl, Potter and Anderson authorizing them to proceed with the defense on the merits. The attorney also says that at all times, he believed that defendant had 40 days from the date of service on defendant to answer the complaint and foreign attachment.

Defendant concedes that his appearance and answer in the instant case should have been filed on September 26, 1962, under Superior Court Civil Rule 4(b)(8). Defendant, however, seeks relief from the default judgment under the

provisions of Superior Court Civil Rule 60(a)(1), which provides:

"On motion and upon such terms as are just, the court may release a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect, * * *".

Defendant contends that the above facts constitute sufficent reason under the Rule for granting relief from the judgment. On the other hand, plaintiff contends that such facts do not entitle defendant to relief.

A petition to set aside a default judgment is addressed to the sound discretion of the Court. *Moore's Federal Practice* (2d Edition), Vol. 7, p. 222, ¶ 60.19. The rule should be liberally construed. *Cf. Kaiser-Frazer Corp. v. Eaton*, 9 Terry 236, 101 A. 2d 345, 353. Any doubt should be resolved in favor of the petitioner because of the sound public policy favoring determination of actions on the merits. *Tozer v. Charles A. Krause Milling Co.*, 3 Cir., 189 F. 2d 242, 245. See *Robins v. Garvine*, 37 Del. Ch. 44, 136 A. 2d 549, 552. The relief to be granted, if any, must be based upon the considerations of each case. *Frank v. New Amsterdam Casualty Co.*, D. C., 27 F. R. D. 258.

Plaintiff is engaged in the business of making small loans and has its principal office in Chicago. Defendant managed its San Diego office and plaintiff claims he negligently made loans to certain individuals in violation of his employment contract and regulations of the company. Plaintiff sued defendant for $8231.86. Even though defendant was a resident of California and plaintiff did business in the State of California, plaintiff selected this forum to sue out a writ for the reason that the defendant owned 2600 shares of common stock of the plaintiff corporation which was attached by the writ of foreign attachment on August 16.

Defendant received notice of this attachment of all his shares on August 27, 1962. He discussed the matter with Herman A. Hauslein, Esq., a San Diego attorney. The attorney told him that he had 40 days from the date he was served to appear or answer. In all probability this attorney did not have before him the new Superior Court Rules pertaining to foreign attachment since the rules had not been published in the Delaware Code as of that date. If he had examined the writ of attachment sent to defendant, he might have understood that he had 40 days from the date of attachment to appear or answer.[2]

Approximately 12 days after the consultation with defendant, the attorney wrote to a law firm in Wilmington inquiring their charges and presumably, after the defendant was informed about the cost of the litigation, he employed the California attorney to direct the Wilmington attorney to proceed to defend the litigation. In the meantime, plaintiff moved for default on September 26, only a few hours after the time in which an answer was due and received judgment two days after his motion was filed.

The purpose of a foreign attachment is not primarily to allow an *in rem* proceeding but to obtain the defendant's appearance. *Kaiser-Frazer Corp. v. Eaton*, 9 Terry 236, 101 A. 2d 345, 352, 353; *Hitchens, Inc. v. Phillips Packing Co., Inc.*, 3 Terry 393, 35 A. 2d 502, 505. This defendant was in California. Apparently the nature of the proceedings was unfamiliar to him and the calculation of the time in which to answer was apparently unfamiliar to his attorney. Defendant should not be penalized by denying to him the right to litigate the merits of the case as they existed at the time of

---

[2]The writ contained the following language:

"In case of your failure within forty days of attachment of your property or service upon garnishee, exclusive of the date of seizure or service, to serve on plaintiff's attorney named above an answer to the complaint * * * judgment by default will be entered against you for the relief demanded in the complaint."

the filing of the complaint because he was approximately 10 days late in filing his answer, under the circumstances of this case. To argue as plaintiff does, that the defendant's affidavit does not in so many words state that his failure to answer was due to misinformation given to him by his attorney, is unrealistic since this is the only logical inference and conclusion that can be drawn from the reading of the affidavit.

It is true that an admission of carelessness on the part of counsel cannot automatically be deemed "excusable neglect", as the term is employed in the rule. However, discretion to avoid injustice because of mistake or inadvertence of counsel should not be confined, and by the rule cited is not confirmed, by arbitrary limitations. See *Wolfsohn v. Raab*, D. C. E. D. Pa., 11 F. R. D. 254, 255.

It appears from the answer and moving papers that defendant's defenses are not frivolous. Here, defendant moved promptly to reopen the default judgment immediately upon learning thereof. It is not the present policy of this Court to deny to a litigant who may have a meritorious defense his day in court. After a study of all the relevant considerations, I have determined that the interests of justice would best be served by granting defendant's motion to open the judgment.

Defendant has 10 days from the date of this opinion to file an answer or to agree with plaintiff to let the answer already filed stand as the answer filed in this case.