Arlene Ann **LICKMAN**, Appellant,

v.

*George L.* **LICKMAN**, *Appellee.*

No. 3792.

Court of Civil Appeals of Texas.

Eastland.

May.3, 1963.

Rehearing Denied May 24, 1963.

**52** 

Robert R. Sanford, Sherman, for appellant.

Slagle & Kennedy, Sherman, for appellee.

GRISSOM, Chief Justice.

On May 3, 1962, George L. Lickman sued his wife, Arlene Ann Lickman for divorce in Grayson County, Texas. Mrs. Lickman was served with notice thereof on the 18th day of June, 1962, in Pennsylvania. Said notice showed that the petition for divorce was filed on May 3, 1962. It commanded her to appear by filing a written answer at or before 10:00 o'clock A.M. of the Monday next after expiration of 20 days after the date of service of said notice. She was served at the same time with a copy of the plaintiff's petition, which was attached to said notice. Mrs. Lickman was required to file an answer by 10:00 A.M. on Monday July 9, 1962. At that time, no answer having been filed, the court heard evidence and granted Mr. Lickman a divorce. Three days after rendition of the judgment Mrs. Lickman filed a motion for a new trial. It was overruled and she has appealed.

██ Appellant's points are that the court erred in refusing to set aside the judgment and grant appellant a new trial; that appellant, through no lack of diligence, has been deprived of a full and complete statement of facts; that the court erred in granting appellee a divorce in the absence of full and satisfactory evidence of grounds therefor and that the court erred in trying the case in the absence of appellant, without placing said cause on the trial calendar and notifying appellant and calling the case for trial in its regular order on the docket. Texas Rules of Civil Procedure, rule 239 provides that at any time after a defendant is required to answer, the plaintiff may take judgment by default if the defendant has not filed an answer. As we understand the applicable decisions, four things are required to be shown before a default judgment must be set aside, towit: that (1) failure of defendant to answer was not intentional or the result of conscious indifference; (2) failure to answer was due to a mistake or accident; (3) the motion for a new trial set up a meritorious defense, and that (4) the motion was filed at a time when granting thereof would not have occasioned delay or otherwise worked an injury to the

plaintiff. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126; Grammar v. Hobby, Tex.Civ.App., 276 S.W.2d 311, 312, (Ref. N.R.E.); Brothers Department Store, Inc. v. Berenzweig, Tex. Civ.App., 333 S.W.2d 445, (Ref. N.R.E.); Burnett v. Meletio, Tex.Civ.App., 351 S. W.2d 912, (Ref. N.R.E.); Sneed v. Sneed, Tex.Civ.App., 296 S.W. 643.

Appellee, a member of the armed service, was stationed at Perrin Air Force Base, Sherman, Texas. After appellant was served with notice she contacted an attorney in Pennsylvania. He corresponded with a Texas attorney. Two or three days after June 21st the Texas lawyer received a letter from appellant's Pennsylvania attorney stating that he represented Mrs. Lickman, who was served with an enclosed copy of the divorce petition on June 18th; that she desired to contest the suit; inquired whether the Texas lawyer was available to represent Mrs. Lickman, and, if so, whether he would enter an appearance for her. The Texas attorney replied that he would not file an answer until satisfactory arrangements for his fee were made. He told the Pennsylvania lawyer that the requirement in the notice that Mrs. Lickman answer by Monday after expiration of 20 days from service had no legal significance "inasmuch as the case cannot be disposed of on the merits until it has been on file for sixty days." This letter was written to the Pennsylvania attorney on June 25th. The Texas attorney heard nothing further about the matter until July 12th. On July 12th he received a letter from appellant's Pennsylvania attorney enclosing a retainer fee and instructing him to file the necessary answer. The Texas attorney was not employed until July 12th. On July 12th he telephoned appellee's attorney and advised him that he had been employed to represent Mrs. Lickman. Appellee's attorney then told him the divorce had been granted on July 9th and called his attention to the fact that it had on July 9th, been on file for sixty days. On July 9th, after the divorce was granted,

appellee telephoned appellant and asked her to send him his books. He then informed her that a divorce had been granted to him. She appeared to be rather unconcerned about the matter, but she did say that she had been thinking it over and, that week end, had decided to contest his suit for divorce.

 Appellee takes the position that the record shows that appellant was indifferent to the granting of a divorce; that she took no action to employ counsel until after she received a telephone call from appellee on July 9th, after the divorce had been granted. She was served with citation on June 18th. This notice plainly stated that the petition had been filed on May 3rd, and that an answer had to be filed on Monday following the 20th day after she was served, which was July 9th. It must have been evident to the Pennsylvania attorney that an answer had to be filed by July 9th, at 10:00 o'clock A.M. or that a default judgment could be rendered against appellant. Nevertheless, the Pennsylvania lawyer merely wrote to the Texas lawyer as heretofore shown. The Texas attorney was not employed until July 12th. By letter of June 25th, 1962, the Texas lawyer declined to file an answer until satisfactory arrangements were made. This was not done until July 12th. Appellant did not have an answer filed by her Pennsylvania lawyer. She did not engage the services of a Texas lawyer to file an answer until July 12th. A period of more than 15 days elapsed apparently, without any effort being made by appellant to employ counsel to file an answer. No excuse is offered for this delay unless it be the statement of the unemployed Texas attorney that a divorce case could not be tried in Texas until it had been on file for 60 days. The notice served on Mrs. Lickman showed the case had been filed on May 3rd. Neither the Texas nor Pennsylvania lawyer swore that they did not know that the suit had been filed on May 3rd. Therefore, there is no evidence that failure to timely answer was due to accident or mis-

take. On the contrary appellant and her Pennsylvania attorney were informed that the suit was filed on May 3rd, and of the necessity of answering by 10:00 o'clock on July 9th. They were fully informed in time to prepare and file an answer. None was filed and no good reason is shown for the failure to timely file one. Nothing appears to have been done by appellant from June 24th until after she was informed by appellee, on July 9th, that the divorce had been granted. Three days after the judgment was rendered and after the telephone call in which appellant was informed that appellee had obtained a divorce the Texas lawyer was employed to file an answer. We are forced to agree with appellee's contention that the trial court properly concluded that the failure of the appellant to answer before judgment was rendered was the result of conscious indifference.

To show reversible error appellant has the burden to also establish that the granting of her motion would not have worked an injury to appellee. When appellant's motion for a new trial was filed, appellee had orders transferring him from Texas to Colorado at some time between July 31st and August 9th; thereafter, he would not be in Texas; on this assignment he will be gone for two years. He agreed to a new trial, provided his wife would attend the hearing of the case on its merits on the 25th, 26th or 27th of July. This offer was rejected by appellant. We think it is apparent that the trial judge had a right to conclude that appellant's failure to timely answer was the result of conscious indifference on her part and, further, that granting the motion would work an injury to appellee.

Appellant's contention that she is entitled to a reversal because she could not obtain a complete narrative statement of facts is without merit. As is the custom in uncontested divorce cases no court reporter was present to record the testimony. The court did the best it could. But, could not recall all the testimony. Lack of dili-

gence on the part of appellant was the reason for the absence of a court reporter. Certainly, absence of the court reporter was not caused by any act of the appellee. It is undisputed that it is not customary, nor required, that uncontested divorce cases be set for trial on a certain date. It is customary in such cases to try them when the plaintiff appears and the court is able to hear them. It is not customary, nor required, that a court reporter record the testimony in uncontested divorce cases.

All reasonable presumptions are indulged in favor of the correctness of the judgment, including the presumption that the evidence was sufficient to sustain it. To obtain a reversal of the judgment, the burden is upon appellant to show that the court erred and that such error probably caused the rendition of an improper judgment.

All of appellant's points have been considered. They are deemed to be without merit. The judgment is affirmed