**CONTINENTAL AIRLINES, INC., Appellant,**

v.

**Frances CARTER, Appellee.**

No. 6338.

Court of Civil Appeals of Texas,
El Paso.

Sept. 19, 1973.

Little & Little, Jack Little, Big Spring, for appellant.

H. S. Harris, Jr., Midland, for appellee.

OPINION

OSBORN, Justice.

This is an appeal from an order overruling Appellant's amended motion for a new trial which was timely filed following the entry of a default judgment. We reverse and remand the case for a new trial.

Appellee filed suit against Continental Airlines, Inc., on December 13, 1972, alleging that she sustained personal injuries as the result of a fall which occurred as she was going down a ramp from the airplane to the ground. She alleged it was raining. She testified that she had bags and a purse in her hands, and had requested assistance from a stewardess but that such plea for help was refused. Service was had on the

Appellant on December 18, 1972, making the answer due on January 8, 1973. The petition and citation were forwarded by Continental Airlines on December 27, 1972, to the attorney for the Airlines' insurance carrier in New York. They were received by him on January 3, 1973. He erroneously concluded that the period of time for answer was 30 days, as allowed in New York, following service by mail, rather than the first Monday after 20 days, as provided for in Texas. At the same time, his secretary inadvertently failed to note on his calendar the date answer was due, in accordance with usual procedures.

After being out of town several days, on Friday, January 12, 1973, the claims attorney, mistakenly believing that answer was due on January 18, 1973, dictated a transmittal letter on the suit papers and directed his secretary to sign his name and place them in the mail on that date. She misunderstood his instructions, accidentally misplaced the file, and did not forward the suit papers until Tuesday, January 16, 1973. On that same date, a hearing was held in District Court in this case and the following day a default judgment entered against the Appellant. No answer was filed until 5 days later.

In the amended motion for new trial, it was alleged that the failure to answer was not intentional but was inadvertent, that the failure resulted from mistakes upon the part of the claims attorney and his secretary, that the Airlines had a meritorious defense, and that the granting of the motion would not cause delay in a trial of the case.

The leading case on the issue before the Court is Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (Tex. Com.App.1939). In that case, a citation and letter transmitting it to the bus company's insurance carrier was misplaced by the claims department and a timely answer was not filed. In holding that the failure to answer resulted from a mistake and was not intentional, the Court laid down the

following rule for determination of whether a default judgment should be set aside:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

■ Where a motion for new trial alleges a meritorious defense, and if filed at the time when no delay or other injury would result, the tendency should be to grant the new trial liberally upon a showing that the defendant has not intentionally or with conscious indifference ignored his obligation to answer. McDonald, Texas Civil Practice, Vol. 4, Sec. 18.10.2, p. 269.

In the City of San Antonio v. Garcia, 243 S.W.2d 252 (Tex.Civ.App.—San Antonio 1951, writ ref'd), the Court, in an opinion by Justice Norvell, noted that the Craddock case is the leading authority on the issue of setting aside a default judgment, and held in that case that where the citation did not reach the office of the City Attorney for answer because of some inadvertence or oversight, a new trial was compelled. The Court followed the rule from earlier cases holding that the test is not necessarily whether a good excuse, but whether some excuse, is offered for the failure to timely answer.

Facts very similar to those in this case were present in Reynolds v. Looney, 389 S.W.2d 100 (Tex.Civ.App.—Eastland 1965, writ ref'd n. r. e.). In regard to those facts, the Court said:

"The evidence with reference to the reason for failure to timely answer shows that after the citations were received in the insurance company's office in Dallas they were accidentally mislaid

and did not come to the attention of the person who, under their well organized system of procedure, would ordinarily have promptly received it, selected an attorney and delivered the citations to him so that an answer would have been timely filed. Although the system was that usually employed in insurance offices for the purpose of seeing that such business was promptly attended to, there being an unusual rush of business and the matter occurring at a time when some experienced employees were on vacation, for some unknown reason a good system failed to work and an attorney was not timely instructed to answer."

Following the rule announced in the Craddock case, a new trial was ordered and in doing so the Court concluded that the allegations of contributory negligence and unavoidable accident when supported by the facts raised a meritorious defense. In this case, the Appellant alleged those same defenses in its answer and filed affidavits with its amended motion for new trial to show that there was no defect in its equipment and that there was a fact issue as to whether the Appellee's request for assistance was effectively communicated to any of the Appellant's employees at the time the plane was unloading.

The recent decision by the Texas Supreme Court in Ward v. Nava, 488 S.W.2d 736 (1972), followed the earlier holding in the Craddock case and concludes that where the suit papers were not turned over to the insurance company because of inadvertence and mistake an "excuse" existed for not filing of a timely answer and a new trial was ordered since the other requirements were met.

In numerous cases, the Courts have held that a misunderstanding as to the time permitted by law for the filing of an answer was justification for setting aside a default judgment, since the attorney was acting under a mistake as to the answer date.

Security Trust & Savings Bank of San Diego v. Walsh, 91 F.2d 481 (9th Cir., 1937); Brandon v. Sullivan Tractor Co., 38 Cal.App. 268, 175 P. 906 (1st Dist., 1918); Petersen v. Holder, 45 Cal.App. 278, 187 P. 99 (1st Dist., Div. 1, 1919); Nelson v. Lennon, 122 Mont. 506, 206 P.2d 556 (1949); Model Finance Company v. Barton, 5 Storey 530, 188 A.2d 233 (Del. Super.Ct.1963).

In the trial Court's order overruling the motion for new trial, the Court found that the Appellant was negligent in delaying its appearance and answer and that repeated acts of carelessness and negligence resulted in the failure to timely appear and answer. Chief Justice Calvert, in Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup. 1966), noted that where an appeal from a default judgment is by motion for new trial the issue is not based upon negligence but whether the conduct was intentional or the result of conscious indifference. In Harris v. Lebow, 363 S.W.2d 184 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.); Lickman v. Lickman, 368 S.W.2d 51 (Tex. Civ.App.—Eastland 1963, writ dism'd); and Brothers Department Store, Inc. v. Berenzweig, 333 S.W.2d 445 (Tex.Civ.App.—San Antonio 1960, no writ), all relied upon by the Appellee, it was concluded by the reviewing Court that there was no evidence that the failure to answer timely was due to accident or mistake, and those cases are not controlling here. Neither is Young v. Snowcon, Inc., 463 S.W.2d 225 (Tex.Civ. App.—Houston (14th Dist.) 1971, no writ), where the trial Court applied the improper test of negligence in passing on the motion for new trial. The Appellant having offered to reimburse the Appellee for all expense in taking the default judgment and having further agreed to promptly try the case, there would have been no delay or injury to the Appellee by the granting of a new trial.

The case is remanded for a new trial.