## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEUTSCHE BANK TRUST　　　　　　:
COMPANY AMERICAS,　　　　　　　:　　C.A. No. K19L-09-021 WLW
　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　:
　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
LINDA THOMAS,　　　　　　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　:

Submitted: January 10, 2020
Decided: April 27, 2020

## ORDER

Upon Defendant's Motion to Vacate Default
Judgment and to Dismiss Case.
*Denied.*

Daniel T. Conway, Esquire of Orlans PC, Georgetown, Delaware; attorney for Plaintiff.

Frances Gauthier, Esquire of Legal Services Corporation of Delaware Inc., Wilmington, Delaware; attorney for Defendant.

WITHAM, R.J.

**INTRODUCTION**

Before the Court are Defendant Linda Thomas' Brief in Support of Motion to Vacate Default Judgment under Superior Court Civil Rule 60(b) ("Rule 60(b)) and to Dismiss Case, Plaintiff's Response in Opposition, and Defendant's Reply to the Response. As the facts stand presently, it appears to the Court that:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Linda Thomas, Defendant in this case, defaulted on the mortgage loan she obtained on April 10, 2007.[1] On or about September 15, 2009, Plaintiff filed a foreclosure action in Sussex County Superior Court against Defendant.[2] Defendant failed to answer the Complaint and Prothonotary for Sussex County entered a Default Judgment against Defendant on March 22, 2010.[3] On or about June 9, 2010, Defendant also filed a Chapter 13 bankruptcy action, and the foreclosure, which was scheduled for August 17, 2010, was stayed.[4] On or about November 13, 2014, Defendant received a discharge from the United States Bankruptcy Court, which

---

[1] Brief in Support of Motion to Vacate Default Judgment Under Superior Court Civil Rule 60(b)(1) and to Dismiss Case ("Def. Brief") at 5.

[2] Plaintiff's Answering Brief in Response to Defendant's Opening Brief Regarding the Motion to Vacate Judgment and Dismiss ("Pl. Brief") at 4. Aurora held a Mortgage on Defendant's property at the time and was Original Plaintiff in this case. Deutsche Bank Trust Company Americas ("Deutsche Bank"), Current Plaintiff, acquired Defendant's Mortgage through a series of assignments.

[3] Def. Brief at 5.

[4] Pl. Brief at 4.

explicitly exempted all mortgage claims.[5]  Defendant subsequently filed two more Chapter 13 bankruptcy actions.[6]  The United States Bankruptcy Court granted Plaintiff's motion for relief from automatic stay in the third bankruptcy case on July 31, 2019.[7]

2.  Because the case was filed in Sussex County by mistake, it was transferred to Kent County on September 18, 2019.[8]  On September 26, 2019, a Default Judgment was also entered in Kent County against Defendant.[9]  On September 27, 2019, Defendant filed a Motion to Vacate Default Judgment and Dismiss Case.[10]  On October 25, 2019, a hearing on the Motion was held and the Court ordered additional briefing.[11]

## PARTIES' CONTENTIONS

3.  Defendant claims that the Default Judgment entered in this case should be dismissed because Original Plaintiff did not possess the Note and, therefore, did not

---

[5] *Id.*

[6] Def. Brief at 6.

[7] *Id.*

[8] Pl. Brief at 4. The property involved in this case is located in Kent County.

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.*

3

have standing to initiate the foreclosure.[12] Defendant asserts that the Delaware Supreme Court decision in *Shrewsbury* did not establish any new requirements and that a mortgage holder needed also to possess the corresponding note to initiate a foreclosure proceeding prior to that decision.[13] Defendant further claims that because the action was originally improperly filed in a wrong county, the Default Judgment entered in Sussex County is void, and the case was transferred improperly.[14]

4. Plaintiff claims that Aurora had standing to bring the original action against Defendant because at the time the Complaint was filed mortgage holders could initiate foreclosure proceedings even if they did not possess the corresponding notes under Delaware law.[15] Plaintiff asserts that, pursuant to 10 *Del. C.* § 1902, the fact that the original Complaint was filed in a wrong county does not warrant the dismissal.[16] Plaintiff further emphasizes that the case was transferred to Kent County, and this Court issued another Default Judgment.[17]

## STANDARD OF REVIEW

5. Superior Court Civil Rule 55© ("Rule 55©") allows the Court to set aside

---

[12] Def. Brief at 9-10. Defendant seems to address the Default Judgment entered in Sussex.

[13] *Id.* at 11.

[14] *See Id.* at 12.

[15] Pl. Brief at 6.

[16] *Id.* at 8.

[17] *Id.*

4

a default judgment in accordance with Rule 60.[18] Pursuant to Rule 60(b), the Court may vacate a judgment, including a default one, "[o]n motion and upon such terms as are just..."[19] The possible reasons for vacating a judgment are:

> "(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."[20]

6. The Superior Court Rule relevant to Defendant's Motion to Vacate and Dismiss appears to be Rule 12(b)(6). Defendant is seeking to dismiss the case, and given the factual and procedural history of the case the Court must assume that Defendant claims Plaintiff failed to state a claim upon which relief can be granted. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its

---

[18] Super. Ct. Civ. R. 55(c).

[19] *See* Super. Ct. Civ. R. 60(b).

[20] *Id.*

[complaint] would the [plaintiff] be entitled to relief."[21] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[22]

7. "A motion to vacate a default judgment pursuant to Rule 60(b)(1) and (6) is addressed to the discretion of the Trial Court."[23] Rule 60(b)(1) addresses relief from judgement based on mistake, inadvertence, surprise, or excusable neglect, and Rule 60(b)(6) refers to "any other reason justifying relief from the operation of the judgment."[24] The Trial Court, however, does not have discretion when reviewing a motion to vacate judgment pursuant to Rule 60(b)(4), which addresses void judgments.[25] A void judgment is invalid and must be vacated.[26] Void judgments

---

[21] *Alpha Contracting Services, Inc.,* 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. V. W.B. Venables & Sons, Inc.,* 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[22] *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896-97 (Del. 2002).

[23] *Battaglia v. Wilmington Sav. Fund Soc.,* 379 A.2d 1132, 1135 (Del. 1977) (citing *Model Finance Company v. Barton,* 188 A.2d 233 (Del. Super. 1963)).

[24] Super. Ct. Civ. R. 60(b).

[25] *Massey v. Nationwide Assurance Co.,* 2018 WL 4692488 at *3 (Del. Super. Set. 28, 2018).

[26] *Id.*

include "exceeding jurisdiction over the parties or subject matter; improper notice; no delegation of power by the State; no valid service of process, and failure to sit at a time and place as required by law."[27] When the Court has discretion, it will typically grant the motion to vacate if the moving party can demonstrate a meritorious defense to the underlying action, and the non-moving party will not be substantially prejudiced.[28]

## DISCUSSION

8. In this case, the Judgment should not be vacated because Original Plaintiff had standing and because the case was transferred to this Court, which has jurisdiction over the property. Defendant appears to argue several reasons for the Judgment to be vacated, including mistake, lack of standing, and lack of jurisdiction. Here, Defendant does not have a valid defense to the underlying action because Original Plaintiff had standing to bring the foreclosure action and because the Kent County Superior Court, which is the proper forum, entered its own Default Judgment in this case. Similarly, the Default Judgment should not be vacated based on Rule 60(b)(4) as a void one because Plaintiff was able to transfer the case to the proper county where the most recent judgment was issued. Nothing in Rule 55(c) limits this Court's ability to issue a default judgment on the same facts that were previously

---

[27] *Id.* (quoting *Credit Acceptance Corp. v. Cason*, 2008 WL 4379594, at *1 (Del. Com. Pl. July 22, 2008)).

[28] *Id.*

considered by another court and after the case was transferred.[29]

9. In this case, Aurora, Original Plaintiff, was a proper party to initiate the foreclosure proceedings because, at the time, mortgage holders could do so even if they were not in possession of the notes corresponding to the mortgages they held. The Supreme Court in *Shrewsbury* created a *new* requirement for mortgage holders to also be in possession of the note to be able to foreclose.[30] Chief Justice Strine discussed in his dissent that the Majority's opinion was contrary to the common prior practice followed in foreclosure proceedings in Delaware.[31] Defendant points out that the loan involved in *Shrewsbury* was obtained in 2007.[32] However, whether the case established a *new* requirement for mortgage holders does not depend on when the loan was obtained but rather depends on when the foreclosure action was brought and challenged.

10. Accordingly, prior to 2017, which is when *Shrewsbury* was decided, mortgage holders could initiate foreclosures without holding the corresponding

---

[29] *See* Super. Ct. Civ. R. 55©.

[30] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 477 (Del. 2017). The Delaware Supreme Court held that a mortgagee was required to be a party entitled to enforce the obligation which the mortgage secured in order to foreclose on the mortgage. Chief Justice Strine, however, stated in his dissent that because 10 *Del. C.* § 5061's language plainly allows foreclosure by the mortgage holder, no additional requirement that a bank must also prove it owns the note is needed.

[31] *See Id.* at 479 n.38.

[32] Def. Brief at 10.

notes.[33] Additionally, the *Shrewsbury* decision should not be applied retroactively. The Majority opinion states that the court did not create a new pleading requirement but rather interpreted 10 *Del. C.* § 5061 differently than it was interpreted before.[34] Nothing in the case suggests that the new interpretation should affect cases decided before the *Shrewsbury* decision was issued. On the contrary, Chief Justice Strine points out in his dissent that the decision may create complications in the *future* cases.[35] Therefore, because Aurora was a Mortgage holder in 2009 when it initiated the foreclosure, Aurora had standing under Delaware law at the time. Moreover, Current Plaintiff holds both the Note and the Mortgage.[36]

11. The case was also transferred to Kent County. Even though the Sussex County Superior Court did not have jurisdiction over the action when they entered the judgment, Plaintiff was able to obtain an Order authorizing the case to be transferred after that, and the case was docketed in Kent County on September 18, 2019.

---

[33] See *M&T Bank v. Watkins*, 2016 WL 4123903, at *2 (Del. Super. July 29, 2016) (citing *Deutsche Bank Nat'l Trust Co. v. Moss*, 2016 WL 355017, at *3 (Del. Super. Jan. 26, 2016)); see also *Davis v. 913 N. Mkt. St. P'ship*, 1996 WL 769326, at *1 (Del. Super. Dec. 12, 1996).

[34] *Shrewsbury*, 160 A.3d at 478.

[35] *Id.* at 481.

[36] Under normal circumstances, the best way to proceed procedurally would entail current Plaintiff refiling the foreclosure action in Kent County. However, Defendant has been trying to prolong litigation in order to remain on the property regardless of the fact that she defaulted on the mortgage over ten years ago. Unnecessary delay in these proceedings leads to the waste of judicial resources and an inequitable result. Therefore, Plaintiff should be allowed to proceed without refiling the whole action.

Normally, lack of personal or subject matter jurisdiction would qualify as a reason for the judgment to be void and vacated.[37] However, in this case, Plaintiff obtained another Default Judgment in the Court that does, in fact, have jurisdiction over the property.[38]

12. Furthermore, even though 10 *Del. C.* § 1902 does not specifically address the transfer of the final judgment between the Delaware courts of different counties, the general purpose of the statute is to make case transfers easy and prevent the dismissal of the action *solely* on the fact that it was filed in a wrong county within the state of Delaware.[39] Therefore, considering 10 *Del. C.* § 1902 and because this Court also entered a Default Judgment after the case was transferred, the judgment should not be vacated, and the case should not be dismissed. Moreover, this case appears to be a classic example of a mortgagor attempting to avoid foreclosure without making payments and to extend the judicial proceedings as long as possible.

---

[37] *See Smith & Loveless, Inc. v. JJID. Inc.*, C.A. No. K15J-0112, Witham, J. (July 15, 2016) (Mem. Op.) (Citing *E.R.G. v. Soda Rental Servs, Inc.*, 1988 WL 22346 at *2 (Del. Super. Mar. 4, 1988)).

[38] *See* C.A. No. K19L-09-021, Witham J. (Sep. 26, 2019) (Directions for Entry of Judgment and Affidavit).

[39] See 10 *Del. C.* § 1902. The statute states that "No civil action, suit, or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter..."

*Deutsche Bank Trust Co. Americas v. Linda Thomas*
C.A. No. K19L-09-021 WLW
April 27, 2020

## CONCLUSION

13. For the reasons mentioned above, Defendant's Motion to Vacate Default Judgment and Dismiss Case is DENIED.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

11