**BROTHERS DEPARTMENT STORE, INC.,**
**et al., Appellants,**

v.

**Al BERENZWEIG, Appellee.**

No. 13572.

Court of Civil Appeals of Texas.

San Antonio.

March 3, 1960.

Rehearing Denied March 30, 1960.

Levey & Goldstein, San Antonio, for appellants.

Glosserman, Alter & Wadell, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Al Berenzweig in the District Court of Bexar County, against Brothers Department Store, Inc., Harry Toubin and Hadassah Toubin, seeking to recover upon a series of notes and an alleged written contract. Defendants did not timely answer and judgment was rendered by default in favor of plaintiff against defendants in the sum of $1,845.20, together with interest and costs. A motion to set aside the default judgment was filed within ten days after date of judgment, and was overruled by the trial court. The motion was submitted to the trial court upon the following agreed statement of facts:

I.

This suit was instituted on April 27, 1959.

II.

All three defendants were served with citation on May 4, 1959, in El Campo, Wharton County, Texas, where they all resided, which citations were returnable on June 1, 1959.

III.

Immediately after the citations were served on May 4, 1959, the defendant Harry Toubin took all three citations to the office of their attorney, Adolph M. Andersen, and left them with Mr. Andersen's secretary.

IV.

Thereafter, the defendant Harry Toubin either telephoned his lawyer's office or called there in person about six or more times attempting to contact Mr. Andersen but was unable to do so.

V.

Mr. Toubin testified that Mr. Andersen's secretary told him not to worry about the matter because Mr. Andersen knew what to do and would properly handle the matter for him. This testimony was objected to by plaintiff as being hearsay evidence and the objection was sustained by the Court, to which ruling of the Court defendants excepted.

VI.

On June 5, 1959, the defendant, Harry Toubin, met his attorney, Adolph M. Andersen, on the street in El Campo where they both lived and asked Mr. Andersen about his case. Mr. Andersen promised to call Mr. Toubin as soon as he returned to his office. Mr. Andersen then called Mr. Toubin and told him that he discovered that the suit was filed in Bexar County, Texas, and that he could not conveniently handle the matter and suggested that Mr. Toubin secure a San Antonio attorney to handle the case. He also advised Mr. Toubin that the citations were returnable on June 1, 1959.

VII.

June 6, 1959, was Saturday, the Sabbath observed by Mr. Toubin, on which day he did not work but kept his store open, and he was ill on Monday, June 8. He came to San Antonio by bus on June 9 and consulted his present attorneys on the following day.

VIII.

On June 12, 1959, Levey and Goldstein filed a plea of privilege and an original answer containing a sworn denial of the justness of plaintiff's cause of action.

IX.

A default judgment was rendered on June 5, 1959, in favor of plaintiff against all defendants for the sum of $1,845.20, and defendants' motion for new trial was filed on June 15, 1959.

Defendants in open court offered to waive their plea of privilege so as not to delay the trial of this cause and announced ready on the merits.

■ The motion to set aside the default judgment having been filed during the term at which the judgment was rendered, and within the time allowed for the filing of motions for new trial, it was addressed to the sound discretion of the court. 25 Tex. Jur. 547, § 151. The action of the trial court in overruling the motion will here be sustained, unless an abuse of discretion is shown. 3 Tex.Jur., 1086, 1087.

■ It is well settled law in this State that before a default judgment can properly be set aside four things must appear, to-wit:

"(1) The failure to file an answer must not have been intentional or the result of conscious indifference on the part of the defendant.

"(2) It must have been due to a mistake or an accident.

"(3) The motion must set up a meritorious defense.

"(4) The motion must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." Grammar v. Hobby, Tex.Civ.App., 276 S.W.2d 311, 312. See also, Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124.

■ Here appellants have not shown that the failure to file an answer was due to a mistake or accident, and that they have a meritorious defense to appellee's cause of action.

The agreed statement of facts shows that while the appellants were served with citations on May 4, 1959, requiring that they answer by June 1, 1959, they did not actually contact their lawyer until June 5, 1959, four days after the return day in the citation, and after a default judgment had been rendered. Such statement does show that appellant Harry Toubin took the three citations to the office of their attorney, Adolph M. Andersen, and left them with his secretary. Thereafter Toubin telephoned to Andersen's office about six or more times but was unable to contact him. Toubin offered to prove what Mr. Andersen's secretary told him, but this testimony was excluded as being hearsay. These facts fall far short of showing that the failure to file answers herein were due to an accident or mistake.

■ When appellants left their citations with the secretary to be delivered to Andersen, they did not thereby employ an attorney. Failure to employ an attorney and make sure that he understands he is to file an answer, unless he expects to represent himself, is ordinarily inexcusable negligence. Grammar v. Hobby, Tex.Civ. App., 276 S.W.2d 311.

■ The judgment does not show whether the secretary delivered these citations to Andersen, but if she did so in time for answers to have been prepared and filed, then such failure to answer would be due to the negligence of appellants' attorney to file answers, but appellants cannot plead the negligence of their attorney as a justification for their failure to answer. Davis v. Darling, 20 Tex. 803; Hubbard v. Tallal, Tex.Civ.App., 57 S.W.2d 226, reversed and appeal dismissed, Tex.Com.App., 127 Tex. 242, 92 S.W.2d 1022; Patton v. Samuel, Tex.Civ.App., 262 S.W.2d 439; Interstate Minerals v. Schlumberger Well Surveying Corp., Tex., 219 S.W.2d 604; Dempsey v. Gibson, Tex.Civ.App., 100 S.W.2d 430; Combination Fountain Co. v. Rogers, Tex. Civ.App., 186 S.W. 407.

■ Appellants' motion for a new trial and to set aside the default judgment is not verified, and the only statement contained therein as to appellants having a meritorious defense is as follows:

"Defendants would further show the Court that they have a meritorious defense in that Plaintiff has taken back most of the merchandise that he sold to Defendants and in addition other merchandise which Defendants had

purchased from other suppliers, and that upon a proper accounting Defendants are not indebted to Plaintiff in any sum whatsoever."

It will be remembered that the suit is one based upon notes and an agreement. This unverified statement fails to show a meritorious defense to this suit based upon notes and an agreement.

 After the default judgment was rendered appellants filed an answer in which they alleged certain defenses to appellee's cause of action. This answer is verified, but even the allegations in this answer are not sufficient to show prima facie a good defense to appellee's cause of action. Appellants' answer is not referred to in any way or made a part of the motion to set aside the default judgment. If it were, there would still be a failure to show a meritorious defense of appellee's cause of action based on notes and a contract. Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690.

The judgment is affirmed.