**Peggy W. BURNS, Appellant,**

v.

**Waymon L. BURNS, Jr., Appellee.**

**No. 17975.**

Court of Civil Appeals of Texas, Fort Worth.

June 8, 1978.

Thompson, Coe, Cousins & Irons, and Franklin H. Perry, Dallas, for appellant.

Rudd & Smith and James T. Rudd, Grand Prairie, for appellee.

## OPINION

MASSEY, Chief Justice.

By default judgment of July 19, 1977 Waymon L. Burns, Jr. was granted a decree of divorce of and from the defendant Peggy W. Burns, with attendant provision for property distribution.

Though the case was one for divorce, involving delay before it would be ripe to be heard, circumstances obviate consideration of that fact so that in respect to "time table" for procedural purposes it would not be different from other types of cases. The citation was served upon Mrs. Burns in Oklahoma, where she had become resident, on June 21, 1977. The case was ripe to be heard in the event of a default, and by Mrs. Burns' failure to file any answer, on July 18, 1977. It was the following day that the default judgment was obtained. Two days later, July 21, 1977, Mrs. Burns filed her motion for new trial. The trial court heard such motion, with the evidence tendered thereat, and entered its order overruling the request on August 9, 1977. Therefrom Mrs. Burns has appealed.

We reverse the judgment and remand the cause, with order requiring a new trial.

Applicable law in the premises is settled to be the contrary of the writer's conception of propriety. See his dissenting opinion in the case of *General Portland, Inc. v. Collins*, 549 S.W.2d 757 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.). It is by the "no

reversible error" stamp upon the majority opinion by our Supreme Court that the law to the contrary is settled. It is by conforming to the opinion of the majority of this court in *General Portland*, which opinion was primarily based upon that in *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972), that the following opinion is written.

By affidavit of Mrs. Burns attached to her motion for new trial was presented the contention that after the parties' marriage she had advanced $20,000.00, possessed prior to marriage, to her husband to be used in the retirement of his personal obligations incurred prior to the marriage. (On the hearing of the motion Burns was called to the stand, and he testified that he knew at the time of the default judgment that Mrs. Burns contended that he owed the above amount to her. He also testified that the matter was not brought to the attention of the trial court at time of trial of his divorce case. Noticed is that the statement of facts made part of the record on appeal does not include the proceedings at time of the trial of the divorce case, but only of the proceedings upon the hearing of the motion for new trial.)

By verification of the motion for new trial, and the facts therein, the attorney for Mrs. Burns set forth that he misread the date on which Burns had filed his suit for divorce as having been June 3, 1977, when in fact such date was that on which the citation was issued, the case having actually been filed on March 18, 1977. On this there was no testimony on the hearing below.

By what seems to be settled as the record to be treated as properly before us on appeal, we find no conscious indifference on the part of Mrs. Burns or her attorney; nor do we find that either intended that a default judgment be taken in the case.

We also find that a meritorious defense was alleged in the motion for new trial and in the sworn statement of Mrs. Burns appended thereto in support. Such a defense lay in her claim of Burns' personal indebtedness to her in the amount of $20,000.00, used to retire his debts owing at time of the marriage. Any question thereof, by the testimony of Burns upon the hearing, could not have been a part of the matter tried at time of the default judgment. Not having been tried it could not have been considered by the court in the apportionment of property by its judgment.

To be kept in mind is that applied to the matter of "meritorious defense" there is a certain similarity to the rule in summary judgment cases, in that the trial court was not at liberty upon the hearing of the motion for new trial to try the merits of any asserted defense. Instead the court was confined to a determination of whether there was, in fact, any issue to be tried. To be observed by the holding in *Ward v. Nava* is that even if there was no oral testimony, and the evidence to be considered only by the movant's affidavits, thereby would the determination be made—with credibility of the affiant eliminated as a factor for determination.

If the judgment could be affirmed it would, necessarily, be because Mrs. Burns failed, by the presentation at the hearing of her motion, to establish that Burns would not be caused to suffer injury by a new trial. This was her obligation, with obligation in the alternative to offer to "do equity" by tendering to Burns his expenses incurred incident to obtaining the default judgment. Rules of equity required that, as a condition precedent to any entitlement to a new trial, that Mrs. Burns desired that the respondent to her motion not be prejudiced thereby by being placed in a worse condition than that in which he would have been had her answer been timely filed. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

Shown at time of the hearing upon the motion for new trial was that Burns was a resident of the county of suit before the judgment and at time the motion for new trial was filed and was heard. The clear implication is that he could be in attendance upon the court in the event of a new trial, without substantial inconvenience. There was evidence that Burns knew that his wife was contending that he

owed her money at times when the case was tried and at time of the filing of her motion for new trial. Under these circumstances it must be held that Mrs. Burns made out a *prima facie* case of proving the negative; no injury to Burns by retrial. By reason of this, the burden of going forward shifted to Burns. He did not do so. There was no evidence that he would be damaged in any respect by the granting of a new trial. In other words that was no evidence that he would suffer irreparable loss in that he would be in a worse condition, i. e., not recompensed, etc., than he would have been had his wife's answer been filed prior to the time there was rendition of the divorce judgment.

Under the foregoing circumstances, by the holding in a case of similarity as applied to the question, there was satisfaction of the requirement that Burns be shown to have been in no worse condition in the event of a new trial than that in which he would have been had answer to his suit been timely filed. *Hanks v. Rosser*, 378 S.W.2d 31, 36 (Tex.1964).

On the matter considered in the preceding paragraph, one common to bill of review cases as well as the cases like unto the one before the court, the author had occasion to write extensively on an earlier occasion. See *Crabbe v. Hord*, 536 S.W.2d 409, 413 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). In the present case Mrs. Burns offered, at oral presentation, to do equity in the event there was necessity therefor by our determination and a dereliction by her in a failure to make a tender at a proper time in the trial court. We are of the opinion that such a tender at the appellate stage is of no avail. Mrs. Burns may not remedy a deficiency in her case in the trial court by a delayed tender. However, as heretofore stated, her proof in the trial court sufficed to prove, *prima facie*, that there was be no injury by the trial court's granting of her motion. By our understanding of the Supreme Court, in *Hanks v. Rosser*, there was not the necessity that Mrs. Burns make the tender before the trial court because her evidence sufficed to prove

no injury by grant of her motion, and there was no controverting proof.

In his brief Burns shows that if new trial be granted he will be forced to sustain expenses incident to his proper representation as a defendant to the divorce case filed in Oklahoma by Mrs. Burns at a date earlier than that on which he had filed his own divorce case in Texas. There is also reference to the consequent exposure which results because Oklahoma is an "alimony" state. Expenses not accrued to a plaintiff by the time of the filing of a defendant's motion for new trial, or not by some change of position to his detriment in the reliance upon the validity of the judgment prior to the time of the filing of the motion for new trial, would be improper to be taken into consideration. Burns' demonstration in the foregoing respect may not be considered.

The judgment is reversed, with the cause remanded for new trial.