**Mitchell Lee CUMMINS, Appellant,**

v.

**PAISAN CONSTRUCTION COMPANY, Appellee.**

**No. 01–83–0429–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 1984.

Rehearing Denied April 26, 1984.

Richard Morrison, Krist, Gunn, Weller, Neumann & Morrison, Houston, Jim Coate, Pearland, for appellant.

Marc A. Sheiness, Hicks, Hirsch, Glover & Robinson, Houston, for appellee.

Before WARREN, BASS and COHEN, JJ.

## OPINION

WARREN, Justice.

The appellant asks this court to reinstate a default judgment previously entered by the trial court, but subsequently set aside.

The appellant filed suit against the appellee on October 5, 1981, to recover actual and punitive damages for injuries he sustained while working for the appellee as an independent contractor. Service of citation was prepared by the Brazoria County District Clerk's office and returned to the ap-

pellant's attorney, who transmitted it to the office of a constable in Houston for service.

On October 28, 1981, the papers prepared by the District Clerk's officer were served on J.H. Meyer, a registered agent of the appellee. Return of service was filed in the District Clerk's office showing that service was made on J.H. Meyer by leaving a true copy of the writ, together with a certified copy of plaintiff's original petition.

On December 30th, approximately 45 days after the citation had been returned to the District Clerk's office, the trial court granted the appellant a default judgment as to liability and ordered a writ of injury as to damages and punitive damages.

On January 7, 1982, the appellee filed a motion to set aside the default judgment. On January 25th, the trial court heard this motion, as amended, granted a new trial, and ordered the appellee to pay the appellant's attorney $400 for his expenses in arguing against the motion.

The appellee's amended motion for trial alleged that service was effected by handling J.H. Meyer a copy of plaintiff's original petition, which contained no court or cause number and that the petition was not accompanied by a citation. A copy of the petition was attached as an exhibit to the motion. The motion further alleged that it had a meritorious defense to the cause of action, supported by an affidavit of Billy Schuler, its construction superintendent, stating that the conditions on the day of the appellant's accident were not hazardous, that the appellant told Schuler before beginning work that he had missed the previous few days of work because of a back problem, but that he was able to work on that day. The motion finally alleged that the appellee's failure to answer was not intentional, or the result of conscious indifference on its part, and it offered to pay reasonable expenses incurred by the appellant.

At the hearing on the motion the appellee presented only the testimony of John Meyer, its president. Meyer testified that on the occasion when he was served he received two sheets of paper, which was a petition, that there was no court or document number on it, and that there was no information as to the process of receiving it. He also testified that he received a copy of a letter from plaintiff's attorney to the constable, but that he gave the letter back to the process server. Meyer further testified that he forwarded the petition to his insurance agent.

The question for our determination is not whether the appellee satisfied the requirements entitling it to have the default judgment set aside, under the requirements of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), but whether there was evidence sufficient to allow the trial court to hold that service was legally deficient, thus relieving the appellee of the duty to file an answer.

■ The appellee failed to prove that the failure to answer was not intentional or the result of conscious indifference, as required by the rule established in *Craddock*. Although the appellee presented evidence that its president exercised due diligence by immediately forwarding the petition to the insurance agent, there is no evidence as to what diligence, if any, was exercised thereafter. A party seeking to set aside a default judgment must show that both he and any agent or representative entrusted with the duty of filing an answer did not fail to answer by reason of negligence or conscious indifference. *Harris v. Lebow*, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.); *Grammar v. Hobby*, 276 S.W.2d 311 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). We reject the appellee's contention that the testimony regarding the defective service was sufficient to prove that the appellee's failure to answer was not intentional, or the result of conscious indifference.

■ We must next consider whether the proof was sufficient in law to enable the trial court to find that service was defective. Although Meyer testified that the papers served on him contained no citation, this is insufficient at law to prove defective service, because the law provides that an

officer's return of citation regular on its face establishes a presumption of proper service, which presumption may not be overcome by the testimony of the defendant alone; such testimony must be corroborated. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972). In that case, the court held that a mysterious phone call urging the defendant to search for citation in his home and the defendant's searching for the papers and promptly taking them to his insurance agent was sufficient to corroborate the defendant's testimony that he was never personally served with citation.

In *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206 (1950), the court held that the appellants' evidence that the property in question was their homestead, peacefully occupied by them as such for approximately eight years before suit, and upon which improvements were made after suit was filed, was sufficient to corroborate their testimony that they were never served with citation in a suit affecting title to their homestead.

■ We hold that the appellee's filing with the court of a copy of the petition he allegedly received, which contained no certification by the clerk's office, no court number, and no cause number was sufficient to corroborate Meyer's testimony that no citation was attached to the petition. We consider the corroboration testimony in our case much stronger than that held sufficient in *Ward, supra,* or in *Sanders, supra,* and sufficient to create a fact issue for the trial's determination. Since there was a fact issue regarding proper service of citation, it was the duty of the trial judge to resolve this issue, and it was within the discretion of the trial judge to grant a new trial, which act should not be disturbed on appeal except for a manifest abuse of that discretion. *Farley v. Clark Equipment Co.*, 484 S.W.2d 142 (Tex.Civ. App.—Amarillo 1972, writ ref'd n.r.e.). We find no manifest abuse of discretion by the trial court in granting a new trial.

Affirmed.