NUMBER 13-00-411-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CULLEN PLUMBING, INC., D/B/A CULLEN POOLS, INC.

AND GREG CULLEN D/B/A CULLEN POOLS, INC. , Appellants,

v.


MARK DUNCAN AND TERESA DUNCAN , Appellees.

___________________________________________________________________


On appeal from the 382nd District Court

of Rockwall County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Hill (1)

Opinion by Justice Hill


Cullen Plumbing, Inc. d/b/a Cullen Pools, Inc. and Greg Cullen d/b/a Cullen Pools, Inc. appeal from a default judgment that
appellees, Mark and Teresa Duncan, recover $9,462.00, plus attorneys fees, interest, and costs, jointly and severally, from
Cullen Plumbing, Inc. d/b/a Cullen Pools, Inc. and Greg Cullen d/b/a Cullen Pools, individually. They contend in two
issues that the trial court erred in rendering the default judgment against them because the record does not affirmatively
demonstrate strict compliance with Texas Rule of Civil Procedure 107 regarding the manner and mode of service and the
return of service and that the trial court abused its discretion in failing to grant them a new trial because they satisfied their
burden under Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124 (Tex. 1939).

We affirm the default judgment against Greg Cullen d/b/a Cullen Pools, individually, because the record reflects service in
strict compliance with the Texas Rules of Civil Procedure and because the trial court did not abuse its discretion in failing
to grant a new trial since there is evidence in the record that Cullen's failure to answer was the result of conscious
indifference. We reverse the judgment and remand appellees' cause against Cullen Plumbing, Inc. d/b/a Cullen Pools, Inc.
because the record does not reflect service of process in strict compliance with the Texas Rules of Civil Procedure since it
was served by substitute service but does not reflect that it was served as ordered by the trial court.

Appellees brought this suit due to cracking in a pool deck constructed by appellants. After appellees had filed their
petition, they sought service upon Cullen Plumbing, Inc. d/b/a Cullen Pools by substitute service. The trial court ordered
that Cullen Plumbing, Inc. d/b/a Cullen Pools could be served through Greg Cullen, its agent for service of process, by F.
N. Gilbert of Integrity Process Service by leaving a true copy of the citation, with copy of the petition attached, to anyone
over the age of sixteen years at 1598 Sunset Hill, Rockwall, Texas 75087, Greg Cullen's usual place of residence. Cullen
Plumbing, Inc. d/b/a Cullen Pools was served by F. N. Gilbert by delivery to a white male in his early 20's . The return
contained in our record does not reflect the address at which it was served. Citation for Greg Cullen was personally served
on Greg Cullen by Gilbert.

Appellants contend in issue one that the trial court erred in rendering a default judgment against them because the record
does not affirmatively demonstrate strict compliance with Texas Rule of Civil Procedure 107 regarding the manner and
mode of service and the return of service. Rule 103 of the Texas Rules of Civil Procedure provides that citations may be
served by any sheriff, constable, or other person authorized by law or by any person authorized by law or by written order
of the court who is not less than eighteen years of age. Tex. R. Civ. P. 103. The record contains the trial court's order
finding that Francis N. Gilbert is an individual authorized to serve citations. Rule 107 reflects that the officer or authorized
person serving citation is to endorse or attach his return to the citation, and that it is to state when the citation was served
and the manner in which it was returned. Tex. R. Civ. P. 107. The rule further provides that when citation is executed by
an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court. Id.
Also, the rule provides that no default judgment is to be granted unless the citation is on file with the court for ten days,
exclusive of the date of filing and of the date of judgment. Id. In their brief, appellants assert that there are no returns of
citation in our record. 

Since appellants filed their brief, the record has been supplemented to show that citations for Greg Cullen and for Cullen
Plumbing, Inc. d/b/a Cullen Pools were indeed on file for the requisite time period prior to the trial court's granting the
default judgment. The citation served on Greg Cullen shows personal service by Francis N. Gilbert, whom the trial court
had ordered was authorized to serve citations. This return shows strict compliance with the rules for service of citation. 

The situation is different, however, with respect to the citation served on Cullen Plumbing, Inc. d/b/a Cullen Pools. 
Appellees' first amended petition alleges that citation might be served on Cullen Plumbing, Inc. d/b/a Cullen Pools, through
Greg Cullen, its agent for service of process, at 734 Longbeach Rd. The citation on file is addressed to "Cullen Plumbing,
Inc. d/b/a Cullen Pools, Agent for Service of Process, Greg Cullen, 734 Longbeach Road, Garland, Texas." As previously
noted, the trial court authorized substitute service upon Cullen Plumbing, Inc. d/b/a Cullen Pools, through its agent for
service of process, Greg Cullen, by F. N. Gilbert of Integrity Process Service by leaving a true copy of the citation, with a
copy of the petition attached, with anyone over the age of sixteen years at 1598 Sunset Hill, Rockwall, Texas 75087, the
usual place of residence of Greg Cullen. While the return of citation reflects that it was served upon a "white male in his
early 20's per 106," it does not reflect that it was served at 1598 Sunset Hill in Rockwall, Greg Cullen's usual place of
residence. Because it does not so reflect, it does not show strict compliance with the rules of service of citation since it
does not reflect that it was served in the manner authorized by the court. We overrule appellants' contention in issue one as
to Greg Cullen d/b/a Cullen Pools, individually, but we sustain appellants' contention in issue one as to Cullen Plumbing,
Inc. d/b/a Cullen Pools. 

Appellants argue alternatively in issue two that the trial court abused its discretion by failing to grant their motion for new
trial because they satisfied their burden under Craddock v. Sunshine Bus Lines, Inc., supra. We need not address this issue
with respect to the default judgment granted against Cullen Plumbing, Inc. d/b/a Cullen Pools, Inc. because we sustained
appellants' contention in issue one with respect to the summary judgment against that defendant. 

The trial court's decision to overrule a new trial motion is subject to review for abuse of discretion. That discretion must be
guided by a three-part test: (1) the defendant's failure to answer before judgment was not intentional or the result of
conscious indifference on the defendant's part, but was due to a mistake or accident; (2) the motion for new trial sets up a
meritorious defense; and (3) the motion is filed at a time when its granting would not result in a delay or otherwise injure
the plaintiff. Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 381 (Tex. 1994) (per curiam);Craddock v. Sunshine Bus
Lines, Inc., 133 S.W.2d at 126. 

Appellants alleged in their amended motion for new trial that their failure to timely file an answer was the result of accident
or mistake rather than intentional or conscious indifference in that Greg Cullen was out of town and in the process of
changing his place of residence. In his affidavit attached to the motion, Cullen indicates that on the date the process server
attempted service upon his company and himself he was out of town and in the process of moving his place of residence. 
He states that during the process of moving, the service papers were made available to him, but that he set the papers aside
and did not look closely at them in order to complete his move. He further relates that after he completed his move, he
misplaced the papers and was unable to locate them thereafter. Cullen testifies in his affidavit that he subsequently forgot
about the papers. He indicates that, had he located the papers, he would have immediately contacted his liability carrier and
forwarded the documents to the carrier. He then expresses his intention to defend the lawsuit. 

Appellees responded to appellants' motion. Their response included the affidavit of F. N. Gilbert, of Integrity Process
Service, who testifies that Greg Cullen was aware of the lawsuit because Gilbert had told Cullen's wife that Cullen was
being sued the first time Gilbert went to Cullen's home on September 10, 1999. He says he went back to the home three
times the same night and Cullen never showed up. Gilbert also indicates that Cullen was avoiding service of process by
never being there when his wife and son would say that he would be there. He states that on September 20, 1999, a
teen-aged white female answered the door and said, "He is here, just a minute." Gilbert further testifies that when the girl
left the house she said goodbye to Cullen on the way out. Gilbert claims that he heard a male voice in the background
respond to her. He indicates that three minutes later the son came to the door to say that Cullen was not there, but that he
would tell Cullen to call Gilbert. 

Cullen's affidavit shows that when he received the suit papers in this case he did nothing. While he indicates that he was in
the process of moving, he gives no reason why his moving prevented him from forwarding the suit papers to his attorney or
liability carrier. After he had finished moving and could not locate the suit papers, he did nothing. He does not say why he
chose at that time not to notify his attorney or liability carrier of the fact that he had been sued but had misplaced the
papers. He does not indicate that he did not remember who was suing him and his company or where the suit was filed,
only that he could not locate the papers. We hold that Cullen's affidavit fails to show that his failure to answer the suit was
not intentional or the result of conscious indifference on his part. If the affidavit shows anything, it is that his failure to
answer the suit was intentional or the result of conscious indifference on his part. As previously noted, there is also
evidence that Cullen had attempted to evade service of process of this suit. Whether considering only Cullen's affidavit or
the affidavit in conjunction with Gilbert's affidavit, we hold that the trial court did not abuse its discretion by denying
appellants' motion for new trial. 

Cullen relies on four cases in support of his argument that the trial court abused its discretion by denying appellants' motion
for new trial. Those cases include Old Republic Ins. Co. v. Scott, supra; Strackbein v. Prewitt, 671 S.W.2d 37, 39 (Tex.
1984); State Farm Life Ins. Co. v. Mosharaf, 794 S.W.2d 578, 581 (Tex. App.--Houston [1st Dist.] 1990, writ denied); and
Ferguson & Co. v. Roll, 776 S.W.2d 692 (Tex. App.--Dallas 1989, no writ). We find all four of these cases to be
distinguishable. In Old Republic, the defendant insurance company showed that around the time the plaintiff made her
workers compensation claim, the company transferred claim files relating to her place of employment and mistakenly
included the citation in her claim with the transferred files, causing it to be misplaced. Old Republic, 873 S.W.2d at 382. 
In State Farm, State Farm's registered agent routed the citation and petition, the same day he received it, to a State Farm
Auto divisional claims superintendent in Austin. State Farm, 794 S.W.2d at 581. The divisional claims superintendent
entered the lawsuit on State Farm's lawsuit log and, the next day, sent the citation and petition on to a State Farm Fire and
Casualty divisional claims superintendent in Houston. Id. A week later, that superintendent forwarded them to State Farm
Auto's senior assistant investment counsel in Illinois. Id. The assistant investment counsel forwarded them to a real estate
administrator in its investment real estate department with a routing slip that asked her to make sure that the liability carrier
was aware of the claim. Id. The routing slip and petition were filed rather than being forwarded to the real estate
administrator who was supposed to alert the liability carrier. Id. In Strackbein, the defendant contacted a lawyer about
representing him. Strackbein, 671 S.W.2d at 39. The lawyer agreed and the vice-president of the defendant's company
assembled the necessary documents pertaining to the case. Id. When the defendant contacted the lawyer's office again, he
was advised by a secretary to go ahead and forward the documents even though the attorney was out of town. Id. The
documents were never forwarded because the defendant and the vice-president of his company each thought that the other
was going to mail them. Id. In Ferguson, the defendant forwarded the citation to the president and chief operating officer
of his company. Ferguson, 776 S.W.2d at 695. The defendant did not know that the citation was lost in the interoffice mail
and never received. Id. In all four of those cases there was evidence that the failure to answer the petition was due to
accident or mistake and there was no evidence of conscious indifference, whereas in the case at bar there is evidence of
conscious indifference in the record. We overrule the contention presented in issue two with respect to the default
judgment in favor of appellees as to Glen Cullen d/b/a Cullen Pools. 

We reverse the default judgment against Cullen Plumbing, Inc. d/b/a Cullen Pools, Inc. The default judgment against Glen
Cullen d/b/a Cullen Pools, individually, is affirmed.

 
____________________________

JOHN HILL

Retired Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 13th day of December, 2001.

1. Retired Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).