NUMBER 13-02-391-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
KEITH HAHN,                                                                              Appellant,

v.

WHITING PETROLEUM CORP., RK 
PETROLEUM CORP. AND TREMONT
ENERGY, L.L.C.,                                                                         Appellees.
                                                                                                                                      

On appeal from the 135th District Court of Victoria County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Yañez, Castillo, and Garza 
Opinion by Justice Garza

          By nine issues, Keith Hahn challenges a default judgment entered against him on
a suit filed by Whiting Petroleum Corporation, RK Petroleum Corporation, and Tremont
Energy, LLC. Because we conclude that Hahn satisfied Craddock’s three-prong test for
a new trial following entry of a default judgment, we sustain Hahn’s seventh issue, reverse
the case, and remand it to the trial court for further proceedings consistent with this
opinion. See Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).
          The plaintiffs’ suit against Hahn asserted causes of action for breach of fiduciary
duty and constructive fraud. In addition to the claims against Hahn, the suit also asserted
causes of action against Core Exploration & Production Corporation for (1) an accounting,
(2) relief under section 91.404 of the natural resources code, (3) breaches of two different
contracts, (4) breach of fiduciary duty, and (5) constructive fraud. The plaintiffs also sued
Del Rio Energy, LLC under a single business enterprise theory, alleging that Del Rio was
jointly and severally liable for the acts and omissions on which the claims against Core
were premised. The trial court entered a default judgment against all three defendants,
jointly and severally, for damages in excess of $1.6 million, including $30,000 in attorney’s
fees. Only Hahn has appealed. 
          By two issues, Hahn argues that this Court should reverse the judgment against him
and render a take-nothing judgment against the plaintiffs because (1) the judgment is
based on a contract theory of recovery which was not pled in the suit against Hahn and (2)
the facts alleged in the plaintiffs’ petition do not support a cause of action against Hahn for
breach of contract, breach of fiduciary duty, or constructive fraud. Notwithstanding Hahn’s
contention to the contrary, if we were to sustain either of these issues, we would remand
the case to the trial court for further proceedings—not render a take-nothing judgment
against the plaintiffs. See Roberts v. Mullen, 417 S.W.2d 74, 77–79 (Tex. Civ.
App.—Dallas 1967) (reversing default judgment and remanding for jury trial because
judgment failed to conform to pleadings), aff’d, 423 S.W.2d 576 (Tex. 1968); C & H Transp.
Co. v. Wright, 396 S.W.2d 443, 446–47 (Tex. Civ. App.—Tyler 1965, writ ref’d n.r.e.)
(reversing default judgment and remanding for jury trial because petition did not state a
cause of action). Because we sustain Hahn’s seventh issue and therefore reverse the
judgment and remand the case for further proceedings, we do not reach Hahn’s other
issues, which would entitle Hahn to equal or lesser relief. See Tex. R. App. P. 47.1. 
          In his seventh issue, Hahn argues that the trial court erred by failing to grant his
motion for new trial. Following the entry of a default judgment, a defendant may establish
its entitlement to a new trial by satisfying the following three-prong test articulated by the
supreme court in Craddock: (1) present facts showing that the failure to appear was not
intentional or the result of conscious indifference but was due to accident or mistake, (2)
set up a meritorious defense, and (3) file the motion for new trial when it would not cause
delay or otherwise injure the prevailing party. Craddock, 133 S.W.2d at 126.
          We begin with the first prong: the reason for Hahn’s failure to appear. See id. To
meet this prong, Hahn had to prove that his failure to appear was not intentional on his or
his agent’s part nor the result of his or his agent’s conscious indifference. Lowe v. Lowe,
971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). In Lowe, the
Fourteenth Court explained that if (1) a lawyer has misled his client, or wholly failed to
perform his professional duties, and (2) the client is free of responsibility and knowledge,
the client meets the first prong of Craddock by showing his own lack of knowledge or lack
of responsibility. Id. at 724. 
          Having reviewed the evidence adduced in support of Hahn’s motion for new trial,
we conclude that the first element of the Craddock test has been established. Hahn
produced uncontroverted evidence to show that his attorney failed to perform his
professional duties. Therefore, Hahn needed to show only his own lack of knowledge and
responsibility. See id. 
          The uncontroverted evidence establishes the following facts: upon being served
with the plaintiffs’ petition, Hahn forwarded the petition and citation to attorney Brian T.
McLaughlin, who routinely handled Hahn’s legal matters, and asked McLaughlin to file an
answer on his behalf. McLaughlin, who works for the law firm of Kerr & Ward, LLP, never
filed an answer and did not inform Hahn that he would not represent him. Meanwhile, Kerr
& Ward hired attorney Brad Miller, who represented the plaintiffs in the suit against Hahn. 
Miller continued to represent the plaintiffs against Hahn until April 17, 2002, when attorney
James N. Stofer was designated lead counsel for the plaintiffs. On the same day Stofer
took over the case for the plaintiffs, a default judgment was entered against Hahn.           Upon review of the Texas Rules of Professional Conduct, we conclude that
McLaughlin had a professional duty to inform Hahn that he could no longer represent him
because of a conflict of interest. Rule 1.06(a) states, “A lawyer shall not represent
opposing parties to the same litigation.” Tex. R. Prof’l Conduct 1.06(a). Rule 1.06(e)
explains that “[i]f a lawyer would be prohibited by this Rule from engaging in particular
conduct, no other lawyer while a member or associated with that lawyer’s firm may engage
in that conduct.” Id. 1.06(e). Given that Miller represented the plaintiffs, neither
McLaughlin nor any other attorney working for Kerr & Ward could represent Hahn, as Hahn
and the plaintiffs were opposing parties to the same litigation. See id. Under rule 1.15,
McLaughlin had to “give reasonable notice” to Hahn that he could not continue to represent
him. See id. 1.15(d). McLaughlin also had a duty to take steps to the extent reasonably
practicable to protect Hahn’s interests. See id. The uncontroverted evidence shows that
Hahn was never notified that McLaughlin would no longer represent him. 
          Given that McLaughlin did not perform his duties under the rules of professional
conduct, the Craddock analysis focuses on whether Hahn proved that his failure to appear
was unintentional and not the result of conscious indifference. See Lowe, 971 S.W.2d at
724. The uncontroverted evidence shows that on March 18, 2002, the same day Hahn
was served, Hahn mailed the petition and citation to his attorney, along with instructions
for his attorney to file an answer on his behalf. The evidence also shows that Hahn had
no knowledge of his attorney’s failure to file an answer until after the default judgment was
entered against him on April 17, 2002. Based on this evidence, we conclude that Hahn
satisfied the first prong of the Craddock test by negating the possibility of intentional or
consciously indifferent conduct. 
          Next, we address the second prong of the Craddock test: whether Hahn set up a
meritorious defense. See Craddock, 133 S.W.2d at 126. A meritorious defense is one
that, if proved, would cause a different result upon retrial of the case, though it need not
be a totally opposite result. Ferguson & Co. v. Roll, 776 S.W.2d 692, 698 (Tex.
App.—Dallas 1989, no writ). A motion for new trial should be granted if the facts alleged
in the motion and supporting affidavits set up a meritorious defense, regardless of whether
those facts are controverted. Id. If the motion for new trial and affidavits raise several
defenses, the second prong of the Craddock test will be satisfied if any one of its defenses
qualifies as meritorious. Id. 
          The plaintiffs’ petition asserted causes of action against Hahn for breach of fiduciary
duty and constructive fraud. The plaintiffs’ causes of action are both based on a fiduciary
relationship between themselves and Hahn; however, Hahn’s evidence in support of his
motion for new trial showed that he was not a party to any contract with the plaintiffs and
owed the plaintiffs no fiduciary duties. Hahn’s evidence further showed that he had no
agreements with his co-defendants, Core and Del Rio, to defraud the plaintiffs of their
revenues. This evidence set up defenses that, if proved, would cause a different result
upon retrial of the case. See id. Accordingly, we conclude that Hahn has met the second
prong of the Craddock test. 
          The third prong of the Craddock test is that the defendant “file the motion for new
trial when it would not cause delay or otherwise injure the prevailing party.” Craddock, 133
S.W.2d at 126. In determining this factor, courts should deal with the facts on a
case-by-case basis in order to do equity. Angelo v. Champion Rest. Equip. Co., 713
S.W.2d 96, 98 (Tex. 1986). That a defendant offers to reimburse the plaintiff for costs
associated with the default judgment and states it is prepared for immediate trial are
factors to be considered in making such a case-by-case determination. Cliff v. Huggins,
724 S.W.2d 778, 779 (Tex. 1987). Once a defendant alleges the granting of a new trial will
not injure the plaintiff, the burden shifts to the plaintiff to establish proof of injury. Dir.,
State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994). 
          Hahn’s motion stated that a new trial would not cause delay or prejudice to the
plaintiffs. It also stated that Hahn is prepared for trial and is willing to reimburse the
plaintiffs for reasonable attorneys’ fees and expenses incurred in obtaining the default
judgment. Hahn’s affidavit made similar statements. The burden thus shifted to the
plaintiffs to establish proof of injury. See id. The plaintiffs did not file any response to
Hahn’s motion for new trial or produce any rebuttal evidence. At the hearing on the motion,
counsel for the plaintiffs argued that they would be injured by a retrial because it would
affect their standing as judgment creditors in a receivership proceeding involving Hahn’s
co-defendant Core Exploration; however, Core has not appealed the judgment. Only
Hahn, in his individual capacity, has appealed. The prospective injury alleged by the
plaintiffs does not relate to a new trial on the claims against Hahn and thus does not
prevent Hahn from meeting the third prong of the Craddock test. Consequently, we
conclude that Hahn has established all three prongs of the test. 
          Accordingly, the judgment of the trial court is reversed, and the case is remanded
for further proceedings consistent with this opinion.                                                                             
 
                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
 
Dissenting Opinion by Justice Errlinda Castillo.
 
Opinion delivered and filed 
this the 9th day of June, 2005.